507 F.Supp.2d 1381 (2007)
In re BRIMONIDINE PATENT LITIGATION.
Allergan, Inc.
v.
Exela Pharmsci, Inc., et al.
Allergan, Inc.
v.
Apotex, Inc., et al.
No. MDL-1866.
Judicial Panel on Multidistrict Litigation.
August 20, 2007.

TRANSFER ORDER
Before the entire Panel[*]: Common plaintiff Allergan, Inc., has moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the District of Delaware. This litigation currently consists of two actions pending in the Central District of California and the District of Delaware, respectively. Responding defendants[1] oppose centralization.
On the basis of the papers filed and hearing session held, we find that these two actions involve common questions of fact, and that centralization under Section 1407 in the District of Delaware will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Both actions involve common factual allegations concerning validity and enforceability of five of plaintiff's patents used in making drugs for the treatment of glaucoma. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly on claim construction issues), and conserve the resources of the parties, their counsel and the judiciary.
Defendants base a significant part of their opposition to centralization on their concern that transfer will engender further delays in a litigation in which time is of the essence. We are sympathetic to this concern *1382 but view it as misplaced. Transfer under Section 1407 will have the salutary effect of assigning the present actions to a single judge who can formulate a pretrial program that ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties and the courts. Indeed, actions involving the validity of complex pharmaceutical patents and the entry of generic versions of the patentholder's drugs are particularly well-suited for transfer under Section 1407. See, e.g., In re Metoprolol Succinate Patent Litigation, 329 F.Supp.2d 1368 (J.P.M.L.2004) (ordering transfer under Section 1407 of two actions in which the patentholder alleged infringement of two complex pharmaceutical patents).
We conclude that the District of Delaware is an appropriate transferee forum in this docket. An earlier action involving this same plaintiff and two of the same five patents was brought in that district in 2004. That action, which was overseen by, the Honorable Gregory M. Sleet, was actively litigated and remained pending until early 2006, when a settlement was reached on the eve of trial.
IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the one action pending in the Central District of California is transferred to the District of Delaware and, with the consent of that court, assigned to the Honorable Gregory M. Sleet for coordinated or consolidated pretrial proceedings with the action pending in that district.
NOTES
[*] Judge Scirica took no part in the disposition of this matter.
[1] Exela Pharmsci, Inc., Exela Pharm. Sci. Pvt., Ltd., Paddock Laboratories, Inc., PharmaForce, Inc., Apotex, Inc., and Apotex Corp.