IN RE: ENFAMIL LIPIL MARKET-
ING AND SALES PRACTICES
LITIGATION.

MDL No. 2222.

United States Judicial Panel
on
Multidistrict Litigation.

Feb. 9, 2011.

Before JOHN G. HEYBURN II, Chairman, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., BARBARA S. JONES, and PAUL J. BARBADORO, Judges of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the Panel:** * Defendant Mead Johnson & Co. LLC (Mead) moves for centralization of the six actions listed on Schedule A in the Southern District of Indiana. Plaintiffs in the Central District of California and the District of Colorado actions support centralization in the Southern District of Florida. Plaintiffs in the Southern District of Florida and the District of New Hampshire actions oppose centralization and, alternatively, prefer selection of the Southern District of Florida as the transferee district. Plaintiffs in the Middle District of Florida and the District of Massachusetts actions support centralization and take no position as to the selection of the transferee district.

Mead's motion encompasses an action each in the Central District of California, the District of Colorado, the Middle District of Florida, the Southern District of Florida, the District of Massachusetts, and the District of New Hampshire.[1]

---

* Judge Kathryn H. Vratil did not participate in the decision of this matter.

1. The parties have notified the Panel of two related actions pending in the Northern Dis-

■ On the basis of the papers filed and hearing session held, we find that these six actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions involve common factual questions arising from the marketing and advertising of the infant formula Enfamil LIPIL, which Mead launched in 2002. Plaintiffs particularly focus upon Mead's representations concerning the presence and/or efficacy of two nutrients found in breast milk that are known to promote brain and eye development in infants, docosahexaenoic acid and arachidonic acid, and which are contained in Enfamil LIPIL. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

Plaintiffs in the Southern District of Florida and District of New Hampshire actions oppose centralization, arguing, *inter alia,* that (1) certain actions, such as the Southern District of Florida action, are more procedurally advanced than the other actions, and (2) several plaintiffs are already undertaking voluntary efforts to coordinate discovery that are preferable to formal centralization. We respectfully disagree with these assertions. Plaintiffs are correct that the Southern District of Florida action (*Nelson*) is indeed advanced; in fact, after oral argument on the motion for centralization, the parties to that action purportedly executed a memorandum of understanding to settle the claims in *Nelson*. Given our decision to centralize this litigation before the judge presiding over *Nelson,* we are of the opinion that centralization in the Southern District of Florida will not materially disrupt execution of the parties' settlement, and the parties to the related actions will benefit from Judge James I. Cohn's familiarity with the merits of this controversy that he gained by presiding over *Nelson.*

We applaud and encourage any cooperative efforts undertaken by parties to this litigation. Nevertheless, centralization under Section 1407 allows us to assign these six actions, each of which contain statewide or nationwide class allegations, to a single judge who can ensure that pretrial proceedings are conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of all parties and the courts. *See In re Brimonidine Pat. Litig.,* 507 F.Supp.2d 1381, 1382 (J.P.M.L.2007). Centralizing the actions will allow for the efficient resolution of common issues and prevent unnecessary or duplicative pretrial burdens from being placed on the common parties and witnesses.

■ The Southern District of Florida stands out as an appropriate transferee forum for this litigation regarding Enfamil LIPIL infant formula, which Mead marketed throughout the nation. Unlike the judges in Mead's proposed transferee forum, where no action is currently pending, Judge Cohn is already familiar with the merits of these cases, by virtue of presiding over the *Nelson* action and ruling on numerous substantive matters, including his recent grant of plaintiff's motion for class certification. In addition, this district offers a readily accessible transferee forum that is supported, at least in the alternative, by several responding plaintiffs.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside

---

trict of California. These actions and any other related actions are potential tag-along actions. *See* Rules 1.1(h), 7.1 and 7.2, R.P.J.P.M.L.

the Southern District of Florida are transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable James I. Cohn for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

## SCHEDULE A

MDL No. 2222 — **IN RE: ENFAMIL LIPIL MARKETING AND SALES PRACTICES LITIGATION**

*Central District of California*

*Michelle Weeks v. Mead Johnson Nutrition Company,* et al., C.A. No. 2:09–05835

*District of Colorado*

*Katherine Francis v. Mead Johnson & Company,* C.A. No. 1:10–00701

*Middle District of Florida*

*Stuart Kaplan v. Mead Johnson Nutrition Company,* et al., C.A. No. 2:09–00644

*Southern District of Florida*

*Allison Nelson v. Mead Johnson Nutrition Company,* et al., C.A. No. 0:09–61625

*District of Massachusetts*

*Gina Martin v. Mead Johnson Nutrition Company,* et al., C.A. No. 1:09–11609

*District of New Hampshire*

*Kimberly Pelkey v. Mead Johnson Nutrition Company,* et al., C.A. No. 1:10–00516