### IN RE: MOROCCANOIL TRADEMARK LITIGATION.

### MDL No. 2224.

United States Judicial Panel on Multidistrict Litigation.

April 8, 2011.

Before JOHN G. HEYBURN II, Chairman, KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., BARBARA S. JONES, PAUL J. BARBADORO, Judges of the Panel.

### ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the Panel:** Plaintiffs Moroccanoil, Inc., and Moroccanoil Israel, Ltd. (collectively Moroccanoil), have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Central District of California. This litigation currently consists of six actions [1] listed on Schedule A and pending as follows: five actions each in the Central District of California and an action in the District of New Jersey.[2]

Defendant The TJX Companies, Inc., supports centralization and prefers coordinated treatment of the actions in the transferee district. Defendant Folica, Inc., does not oppose centralization and prefers coordinated treatment of the actions in the transferee district. Harmon Stores, Inc. (Harmon), defendant in the District of New Jersey action, as well as third-party defendants in that action,[3] oppose centralization.

On the basis of the papers filed and hearing session held, we are not persuaded that centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. These actions do involve similar allegations of infringement of one or more

---

1.  Plaintiffs' motion originally included twelve actions, but six Central District of California actions have since been dismissed.

2.  The parties notified the Panel of seven related actions pending as follows: six actions in the Central District of California and an action in the District of New Jersey.

3.  Robell Group, LLC; D.L.R. Distribution, Inc.; and Pro Hair Sales, Inc.

of Moroccanoil's trademarks,[4] resulting from the sale or supply of purportedly counterfeit Moroccanoil Oil Treatment in 3.4 ounce bottles, which were sold at various retail outlets across the country. Despite the existence of some factual overlap among the present actions, highlighted by the alleged similarity of the counterfeit products and plaintiffs' theory of a common source of counterfeit products, the proponents of centralization have failed to convince us that any shared factual questions in these actions are sufficiently complex or numerous to justify Section 1407 transfer.

Moreover, the various separate defendants have convinced us that individual factual issues contained in these actions are likely to predominate over any alleged common fact questions. For instance, discovery and motion practice in each action may be expected to concern unique factual issues concerning (1) the particular products each defendant purchased and whether such products are legitimate or counterfeit, (2) whether defendants' purchase of the respective products was made with knowledge that the products were counterfeit or with willful blindness to that possibility, and (3) the extent of Moroccanoil's damages from the alleged infringement. These potentially unique factual issues make centralization particularly inconvenient and unattractive for the individual defendants.

Significantly, and unlike other intellectual property litigation in which we have viewed centralization as appropriate, the actions now before us do not appear to involve common challenges to the validity or enforceability of the Moroccanoil trademarks. See, e.g., In re: Method of Processing Ethanol and Related Subsystems ('858) Pat. Litig., 730 F.Supp.2d 1379, 1380 (J.P.M.L.2010) ("The validity and enforceability of the patent will likely be at issue in all eleven actions."); In re: Brimonidine Pat. Litig., 507 F.Supp.2d 1381 (J.P.M.L.2007) ("Both actions involve common factual allegations concerning validity and enforceability of five of plaintiff's patents used in making drugs for the treatment of glaucoma."). This lack of a dispute about the validity and enforceability of the Moroccanoil trademarks, by itself, is not necessarily fatal to Moroccanoil's Section 1407 motion. When viewed, however, in combination with the few demonstrable efficiencies gained by centralizing these actions that are pending in two distant districts before two judges and the attendant inconvenience centralization would impose on the New Jersey defendants, we consider voluntary coordination among the parties and the involved courts to be a preferable alternative to centralization.

Though we are denying centralization, we nevertheless encourage the parties to pursue various alternative approaches, should the need arise, to minimize the potential for duplicative discovery and inconsistent pretrial rulings. See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Pat. Litig., 446 F.Supp. 242, 244 (J.P.M.L.1978); see also Manual for Complex Litigation, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

---

4. These marks include "MOROCCANOIL®," the "M Moroccanoil Design," and the "Vertical Moroccanoil Design," which are registered in Class 3 on the Principal Register of the United States Patent and Trademark Office (Nos. 3,478,807; 3,684,910; and 3,684,909).

## SCHEDULE A

MDL No. 2224 — IN RE: MOROCCA-
NOIL TRADEMARK LITIGATION

*Central District of California*

*Moroccanoil, Inc. v. Nordstrom Inc., et al.,* C.A. No. 2:10–01430

*Moroccanoil, Inc. v. CVS Caremark Corporation, et al.,* C.A. No. 2:10–02043

*Moroccanoil, Inc. v. T.J. Maxx, et al.,* C.A. No. 2:10–02293

*Moroccanoil, Inc., et al. v. Folica, Inc., et al.,* C.A. No. 2:10–05694

*Moroccanoil, Inc., et al. v. Salon Savings, et al.,* C.A. No. 2:10–09323

*District of New Jersey*

*Moroccanoil, Inc., et al. v. Harmon Stores, Inc., et al.,* C.A. No. 2:10–06016